IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Julius Gillespie and Mary W. Breedlove )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Actus Lend Lease, LLC; Atherton )<br>Construction, Inc.; the Stevens )<br>Group, Inc., Stevens Worldwide Van )<br>Lines, Inc.; Stevens Van Lines, Inc., )<br>Kevin Joseph Pay; Tri-Command )<br>Managing Member, LLC, n/k/a AMCC )<br>Managing Member, LLC; )<br>Tri-Command Military Housing, LLC, )<br>n/k/a Atlantic Marine Corps )<br>Communities, LLC; Tri-Command )<br>Asset Management, LLC, n/k/a Amcc )<br>Asset Management, LLC; )<br>Tri-Command Development )<br>Management, LLC, n/k/a AMCC )<br>Development Management, LLC; )<br>Tri-Command Property Management, )<br>LLC, n/k/a AMCC Property )<br>Management, LLC; and the United )<br>States of America, )<br>)<br>Defendants. ) | Civil Action No.: 9:10-00120-RMG-BHH<br><br><br><br>**O R D E R  AND<br>REPORT AND RECOMMENDATION** |

The plaintiffs are currently proceeding in this action *pro se,* having consented to the withdraw of their attorneys on October 20, 2010. [See Doc. 51.] The plaintiffs' mailing addresses were confirmed by their former counsel, and an Order informing them of their duty to notify the Clerk in writing of any address changes was mailed, on November 3, 2010, to both plaintiffs.  That Order was returned as undeliverable to Plaintiff John Gillespie, on November 12, 2010, but not Plaintiff Mary Breedlove.  A second mailing to Plaintiff John Gillespie was attempted, on December 16, 2010, but was again returned.

On February 15, 2010, the notice of case reassignment to the undersigned was also returned as undeliverable to Plaintiff John Gillespie but not Plaintiff Mary Breedlove.

On December 30, 2010, and January 3, 2011, the defendants filed three separate motions to dismiss based on the plaintiffs' failure to prosecute this case. The plaintiffs filed no response or otherwise communicated with the Court. As a result, the Court issued a 20-day Order [Doc. 74], notifying the plaintiffs that a failure to respond by March 10, 2011, would result in a dismissal of their case for failure to prosecute pursuant to F. R. Civ. P. 41(b), and that the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

As of the date of this recommendation, however, Plaintiff John Gillespie has still made no communication with this Court. It appears, therefore, that the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that his claims be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

Plaintiff Mary Breedlove, however, on March 10, 2011, the absolute last day to respond, after months of opportunity, called the clerk of court to request an extension of time. [Doc. 78.] The Court notified her to immediately so move. A motion for an extension of time was received and filed on March 15, 2011, requesting "as much time as" possible for her to retain counsel. [Doc. 79.] The defendant opposes the motion.

Plaintiff Breedlove has had since October 21, 2010, to secure counsel. [See Doc.

2

52.] There is no reason to believe that an extension of time will facilitate or energize that activity now. She offers no explanation for her, or Plaintiff Gillespie's, delay and utter failure to participate in this case until now. Her mail was not returned as undeliverable and she has suggested no other excuse for her own absence.

Her present appearance, however, late as it might be, is not without effect. The Court would grant the plaintiff until April 4, 2011, to make a response to the outstanding motions to dismiss, filed December 30, 2009 and January 3, 2011. [Docs. 68, 69, 70.] Again, Plaintiff Breedlove is advised that if she fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to F. R. Civ. P. 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*. There will be no additional, late-hour extensions of time.

## CONCLUSION AND RECOMMENDATION

Accordingly, it is RECOMMENDED that the action, brought by Plaintiff John Gillespie be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

IT IS ORDERED that Plaintiff Mary Breedlove's motion for extension of time [Doc. 79] is DENIED, in part, and GRANTED, in part, and that she shall have through April 4, 2011, to file her response(s) to the outstanding motions. The Court has included with this Order an additional Order explaining how to respond to those motions. Any deadlines in that separate Order should be disregarded. The plaintiff must make some response by

April 4, 2011, as this Order requires. The plaintiff is reminded that if she fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to F. R. Civ. P. 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

    IT IS SO ORDERED.

                                s/Bruce Howe Hendricks
                                United States Magistrate Judge

March 22, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).