IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Julius Gillespie and Mary W. Breedlove, ) | Civil Action No.: 9:10-00120-RMG-BHH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| Actus Lend Lease, LLC; Atherton Construction, Inc.; the Stevens Group, Inc., Stevens Worldwide Van Lines, Inc.; Stevens Van Lines, Inc., Kevin Joseph Pay; Tri-Command Managing Member, LLC, n/k/a AMCC Managing Member, LLC; Tri-Command Military Housing, LLC, n/k/a Atlantic Marine Corps Communities, LLC; Tri-Command Asset Management, LLC, n/k/a Amcc Asset Management, LLC; Tri-Command Development Management, LLC, n/k/a AMCC Development Management, LLC; Tri-Command Property Management, LLC, n/k/a AMCC Property Management, LLC; and the United States of America, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| ) | |
| Defendants. ) | |

The plaintiffs are currently proceeding in this action *pro se,* having consented to the withdrawal of their attorneys on October 20, 2010. [See Doc. 51.] The plaintiffs' mailing addresses were confirmed by their former counsel, and an Order informing them of their duty to notify the Clerk in writing of any address changes was mailed, on November 3, 2010, to both plaintiffs. That Order was returned as undeliverable to Plaintiff John Gillespie, on November 12, 2010, but not Plaintiff Mary Breedlove. A second mailing to Plaintiff John Gillespie was attempted, on December 16, 2010, but was again returned.

On February 15, 2010, the notice of case reassignment to the undersigned was also returned as undeliverable to Plaintiff John Gillespie but not Plaintiff Mary Breedlove.

On December 30, 2010, and January 3, 2011, the defendants filed three separate motions to dismiss based on the plaintiffs' failure to prosecute this case.   The plaintiffs filed no response and did not otherwise communicate with the Court.  As a result, the Court issued a 20-day Order [Doc. 74], notifying the plaintiffs that a failure to respond by March 10, 2011, would result in a dismissal of their case for failure to prosecute pursuant to F. R. Civ. P. 41(b), and that the dismissal would be considered an adjudication on the merits, i.e., *with prejudice*.

In an Order and Report and Recommendation filed on March 22, 2011, the undersigned recommended that the claims of Plaintiff John Gillespie be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).

In that same filing, Plaintiff Mary Breedlove, was given until April 4, 2011, to make a response to the outstanding motions to dismiss, filed December 30, 2009 and January 3, 2011, [Docs. 68, 69, 70], pursuant to her out-of-time and last-minute request for an extension of time, filed on March 15, 2011. [Doc. 79.]  Once again, Plaintiff Breedlove was advised that if she failed to respond within the additionally allotted time, the action would be subject to dismissal for failure to prosecute pursuant to F. R. Civ. P. 41(b), and that the dismissal would be considered an adjudication on the merits, i.e., *with prejudice*.  She was also warned that there would be no additional, late-hour extensions of time.

2

She has not responded.

## **CONCLUSION AND RECOMMENDATION**

Accordingly, it is RECOMMENDED that the action, brought by Plaintiff Mary Breedlove be dismissed *with prejudice* for lack of prosecution and for a failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

April 6, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).